UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14073-CR-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUKE RYAN FOSTER,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1 AND 2**

**THIS CAUSE** came before me on August 1, 2022. Having conducted a hearing, I recommend as follows:

1. A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on April 20, 2022, at Docket Entry 53. The Defendant appeared before me for a hearing on August 1, 2022.

2. At the hearing, the Defendant admitted Violation Numbers 1 and 2:

3. Violation Numbers 1 and 2 allege:

**Violation Number 1**      **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 23, 2022, in Saint Lucie County, Florida, the defendant committed the offense of assault, contrary to Florida Statute 784.011 (as amended).[1]

---

[1] The Government amended the offense referenced in Violation Number 1. The Petition states that defendant committed the offense of aggravated battery with a deadly weapon, contrary to Florida Statute 784.045(1)(A)(2). The Government orally amended the offense to assault at the hearing on August 1, 2022.

| | |
|---|---|
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about March 23, 2022, in Saint Lucie County, Florida, the defendant committed the offense of criminal mischief ($200-$1000), contrary to Florida Statute 806.13(1)(B)(2). |

4. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

5. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understood that if his admissions to Violation Numbers 1 and 2 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

6. The Government proffered a factual basis for the Defendant's admissions to Violation Numbers 1 and 2. The Defendant agreed that the facts proffered by the Government are true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer and testimony, I find that the proffered facts establish a sufficient factual basis to support the Defendant's admissions to Violation Numbers 1 and 2.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1 and 2, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 5th day of August, 2022.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE